UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
GERALD WRIGHT,

         Petitioner,

-against-

WILLIAM LEE,

         Respondent.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**

14-CV-1078 (SLT)

**TOWNES, United States District Judge:**

Petitioner Gerald Wright, appearing *pro se*, files the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a Kings County conviction for burglary in the second degree under Indictment No. 2698/94.[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reason set forth below, determined that the Court lacks jurisdiction over this petition.

## *BACKGROUND*

On January 3, 1995, petitioner was sentenced, after a jury trial, by the New York Supreme Court, Kings County, to a seven-to-fourteen year term of imprisonment. *See* Petition at ¶¶ 1-6; *People v. Wright*, 244 A.D.2d 439 (2d Dep't 1997). On November 10, 1997, petitioner's conviction was affirmed. *People v. Wright*, 244 A.D.2d 439 (2d Dep't 1997), *leave to appeal denied*, 91 N.Y.2d 979 (1998). Petitioner filed a post-conviction motion and an error coram nobis petition in state court which were both denied. *See* Petition at 6-10; Unmarked Exhibits: "Decision and Order" dated Aug. 15, 2011 by the Hon. Albert Tomei, Decision & Order entered

---

[1] Petitioner is in custody at Green Haven Correctional Facility for a different conviction which he challenged by filing a petition for a writ of habeas corpus in this Court on May 20, 2010. *See Wright v. Lee*, No. 10-CV-2348-SLT (E.D.N.Y. July 8, 2010) (petition dismissed as time-barred).

by the Appellate Division, Second Department and Order Denying Leave entered by the State of New York, Court of Appeals.

## *DISCUSSION*

A habeas corpus petitioner must be "in custody" pursuant to a state conviction when the petition is filed in order to vest the district court with jurisdiction. 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). When a petitioner's sentence for a conviction has fully expired, the conviction may not be challenged because the petitioner is no longer "in custody" pursuant to that conviction. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001). The collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner "in custody" under 28 U.S.C. § 2254(a); *Maleng*, 490 U.S. at 492. Here, petitioner challenges a conviction which was imposed in 1995. This seven-to-fourteen year state sentence he challenges here fully expired in 2009, prior to the filing of this petition on February 5, 2014. Thus, at the time petitioner filed the instant petition, he was no longer serving his sentence of imprisonment for this conviction. *Lackawanna*, 532 U.S. at 401-02.

Because petitioner is currently serving three concurrent twenty-five-to-life sentences, *see Wright v. Lee*, No. 10-CV-2348 (SLT) (petitioner challenged Indictment Nos. 5535/2001 and 7334/2001), "the 'in custody' requirement for federal habeas jurisdiction" could be satisfied when a *pro se* petition, liberally construed, "can be read as asserting a challenge to [a current] sentence[], as enhanced by [an] allegedly invalid prior conviction," *Maleng*, 490 U.S. at 493-94. The Court, however, declines to construe the instant petition as a challenge to his current state sentence since petitioner has already challenged this conviction in *Wright v. Lee*, No. 10-CV-2348 (SLT) (dismissed as time-barred) and this Court would not have jurisdiction over any

2

second or successive petition. 28 U.S.C. § 2244(b)(3)(A); *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003) (The Antiterrorism and Effective Death Penalty Act of 1996 "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications.")

## *CONCLUSION*

Accordingly, petitioner fails to satisfy the "in custody" requirement and therefore this Court lacks jurisdiction over the petition. The instant petition pursuant to 28 U.S.C. § 2254 is dismissed. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**          /s/(SLT)

SANDRA L. TOWNES
United States District Judge

Dated: February 28 2014
Brooklyn, New York